| | |
|---|---|
| DISTRICT COURT, COUNTY OF EL PASO<br>STATE OF COLORADO<br><br>Court Address:<br>270 S. Tejon Street<br>Colorado Springs, CO 80903<br><br>Phone Number: (719) 448-7700 | DATE FILED: December 3, 2021 6:57 PM<br>FILING ID: 3C4D4837FA73D<br>CASE NUMBER: 2021CV31931 |
| Plaintiff:<br><br>**MICHELLE OUATTARA**<br><br>v.<br><br>Defendants:<br><br>**SITE CENTERS CORP., an OHIO CORPORATION; and PEP BOYS – MANNY, MOE & JACK OF DELAWARE LLC, a DELAWARE LIMITED LIABILITY COMPANY** | ▲ Court Use Only ▲ |
| Attorney for Plaintiff:<br>Lukasz (Luke) Puszynski, Atty. Reg. No. 44530<br>Law Practice of Luke Puszynski, LLC<br>4610 S. Ulster Street, Suite 150<br>Denver, CO 80237<br>Phone: (303) 694-4698<br>Fax: (303) 600-0499<br>Email: luke@lukelaw.net | |
| **CIVIL COMPLAINT** | |

COMES NOW Plaintiff, Michelle Ouattara, by and through her attorney, Law Practice of Luke Puszynski, LLC, and hereby submits the following Civil Complaint and asserts:

1

**EXHIBIT A**

## INTRODUCTION

1. At all times relevant to this action, Plaintiff Michelle Ouattara ("Plaintiff") is a resident of the State of Colorado with a mailing address of 10851 Holly Street, Denver, CO 80233.

2. Upon information and belief, at all times relevant to this action, Defendant SITE Centers Corp. ("Defendant SITE") is an Ohio corporation transacting business in the State of Colorado, with a principal business address of 3300 Enterprise Parkway, Beachwood, OH 44122.

3. Upon information and belief, at all times relevant to this action, Defendant Pep Boys – Manny, Moe & Jack of Delaware LLC ("Defendant Pep Boys") is a Delaware limited liability company transacting business in the State of Colorado, with a principal business address of 3111 West Allegheny Avenue, Suite 500, Philadelphia, PA 19132.

## PERSONAL JURISDICTION

4. Pursuant to C.R.S. § 13-1-124, this Court has personal jurisdiction over Defendants to this action because Defendants transact business in the State of Colorado and the underlying tortious conduct occurred on or about December 3, 2019, in El Paso County, State of Colorado.

## SUBJECT MATTER JURISDICTION

5. Pursuant to Colo. Const. Art. VI, § 9, this Court has subject matter jurisdiction over this action because it involves a civil matter and the amount in controversy exceeds $15,000.00.

## VENUE

6. Upon information and belief, Defendant committed a tort in the County of El Paso, State of Colorado.

7. Pursuant to C.R.C.P. 98(c)(5), venue is proper in the County of El Paso, State of Colorado.

## FACTUAL ALLEGATIONS

8. All prior allegations are incorporated herein as if set forth *verbatim.*

9. On December 3, 2019, in the afternoon, Plaintiff was leaving a place of business, Pep Boys, located at 7625 N. Academy Blvd. in Colorado Springs, CO 80920.

10. At or about the aforementioned date and time, as Plaintiff was walking on the walkway adjacent to Pep Boys, Plaintiff's right foot caught on an uneven section of the walkway, and she tripped and fell forward onto the concrete walkway.

11. At or about the aforementioned date and time, the walkway on which Plaintiff fell was comprised of individual sections of concrete slabs of approximately a few feet in width and length. These concrete slabs were connected, with only slight grooves separating them. The majority of the slabs were even and flush at the grooves with each adjacent slab.

12. At or about the aforementioned date and time, the uneven section of the walkway on which Plaintiff fell was located where two concrete slabs of the path met and one slab's connecting area was higher than the adjacent slab's connecting area.

13. At or about the aforementioned date and time, the groove between the uneven slabs was significantly higher on one side, contrary to the evenness and flushness of the majority of the other surrounding slabs.

14. At or about the aforementioned date and time, when Plaintiff tripped and fell forward, she attempted to brace herself with her right hand but still fell on her right hand and face, causing injuries to her face and hand.

15. As a result of Defendants' negligence and carelessness, Plaintiff has suffered economic and non-economic injuries and damages.

16. As a direct and proximate result of Defendants' negligence and carelessness on or about the time and date set forth above, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the accident.

17. As a direct and proximate result of Defendants' negligence and carelessness on or about the time and date set forth above, Plaintiff has suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

18. As a direct and proximate result of Defendants' negligence and carelessness on or about the time and date set forth above, Plaintiff has suffered temporary and permanent physical impairment.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT SITE**
### **Premises liability negligence under C.R.S. § 13-21-115**

19. All prior allegations are incorporated herein as if set forth *verbatim.*

20. Upon information and belief, at or about the aforementioned date and time, Defendant SITE was the landowner in possession of the real property, including the adjacent walkway, at 7625 N. Academy Blvd. in Colorado Springs, CO 80920.

21. Upon information and belief, at or about the aforementioned date and time, Defendant SITE was legally responsible for the condition of the real property, including the adjacent walkway, or for the activities conducted or circumstances existing on the real property, including the adjacent walkway.

22. Plaintiff was on the real property with an express invitation to enter for business purposes on the real property, including the adjacent walkway.  Therefore, Plaintiff is considered an invitee pursuant to C.R.S. § 13-21-115 and the applicable invitee standard applies to Plaintiff.

23. Defendant SITE unreasonably failed to exercise reasonable care to protect against dangers of which Defendant SITE actually knew or should have known existed on the real property, including the adjacent walkway.  These dangers include, but are not limited to:

    a. Failing to use safely and properly fix or mitigate the uneven slabs on the walkway, on which Plaintiff tripped and fell, in a reasonable time; and
    b. Failing to safely and properly install safety cones and/or warning signs to warn customers of the uneven slabs on the walkway.

24. Pursuant to C.R.S. § 13-21-115(3.5), an invitee may recover under all the circumstances under which a licensee or a trespasser could recover.

25. As a result of Defendant SITE's negligence and carelessness, Plaintiff has suffered economic and non-economic injuries and damages.

26. As a direct and proximate result of Defendant SITE's negligence and carelessness on or about the time and date set forth above, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the accident.

27. As a direct and proximate result of Defendant SITE's negligence and carelessness on or about the time and date set forth above, Plaintiff has suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

4

28. As a direct and proximate result of Defendant SITE's negligence and carelessness on or about the time and date set forth above, Plaintiff has suffered temporary and permanent physical impairment.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT SITE
### General negligence

29. All prior allegations are incorporated herein as if set forth *verbatim.*

30. Should Defendant SITE not be determined a landowner under C.R.S. § 13-21-115, Plaintiff pleads general negligence, in the alternative, as permitted by Colo. R. Civ. P 8(e)(2).

31. Defendant SITE had a duty to exercise due care in maintaining the real property, including the adjacent walkway, at 7625 N. Academy Blvd. in Colorado Springs, CO 80920.

32. Defendant SITE's duty to exercise due care in maintaining the real property, including the adjacent walkway, included but was not limited to maintaining that the adjacent walkway did not pose a safety hazard to any customers using the walkway.

33. Defendant SITE's duty to exercise due care in maintaining that the adjacent walkway did not pose a safety hazard to any customers using the walkway included but was not limited to safely and properly fixing or mitigating the uneven slabs on the walkway, or in the least warning customers, using the walkway, of the uneven slabs by installing safety cones and/or warning signs.

34. Defendant SITE's duty extended to members of the public conducting business on the real property.

35. Defendant SITE breached its aforementioned duties to Plaintiff by, *inter alia*:

    a. Failing to use safely and properly fix or mitigate the uneven slabs on the walkway, on which Plaintiff tripped and fell, in a reasonable time; and
    b. Failing to safely and properly install safety cones and/or warning signs to warn customers of the uneven slabs on the walkway.

36. As a direct and proximate result of Defendant SITE's breaches of the aforementioned duties, Plaintiff has incurred injuries.

37. As a direct and proximate result of Defendant SITE's negligence and carelessness on or about the time and date set forth above, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the accident.

38. As a direct and proximate result of Defendant SITE's negligence and carelessness on or about the time and date set forth above, Plaintiff has suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

39. As a direct and proximate result of Defendant SITE's negligence and carelessness on or about the time and date set forth above, Plaintiff has suffered temporary and permanent physical impairment.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT PEP BOYS
### Premises liability negligence under C.R.S. § 13-21-115

40. All prior allegations are incorporated herein as if set forth *verbatim.*

41. Upon information and belief, at or about the aforementioned date and time, Defendant Pep Boys was the landowner in possession of the real property, including the adjacent walkway, at 7625 N. Academy Blvd. in Colorado Springs, CO 80920.

42. Upon information and belief, at or about the aforementioned date and time, Defendant Pep Boys was legally responsible for the condition of the real property, including the adjacent walkway, or for the activities conducted or circumstances existing on the real property, including the adjacent walkway.

43. Plaintiff was on the real property with an express invitation to enter for business purposes on the real property, including the adjacent walkway. Therefore, Plaintiff is considered an invitee pursuant to C.R.S. § 13-21-115 and the applicable invitee standard applies to Plaintiff.

44. Defendant Pep Boys unreasonably failed to exercise reasonable care to protect against dangers of which Defendant Pep Boys actually knew or should have known existed on the real property, including the adjacent walkway. These dangers include, but are not limited to:

    a. Failing to use safely and properly fix or mitigate the uneven slabs on the walkway, on which Plaintiff tripped and fell, in a reasonable time; and
    b. Failing to safely and properly install safety cones and/or warning signs to warn customers of the uneven slabs on the walkway.

45. Pursuant to C.R.S. § 13-21-115(3.5), an invitee may recover under all the circumstances under which a licensee or a trespasser could recover.

46. As a result of Defendant Pep Boys's negligence and carelessness, Plaintiff has suffered economic and non-economic injuries and damages.

47. As a direct and proximate result of Defendant Pep Boys's negligence and carelessness on or about the time and date set forth above, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the accident.

48. As a direct and proximate result of Defendant Pep Boys's negligence and carelessness on or about the time and date set forth above, Plaintiff has suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

49. As a direct and proximate result of Defendant Pep Boys's negligence and carelessness on or about the time and date set forth above, Plaintiff has suffered temporary and permanent physical impairment.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT PEP BOYS
### General negligence

50. All prior allegations are incorporated herein as if set forth *verbatim.*

51. Should Defendant Pep Boys not be determined a landowner under C.R.S. § 13-21-115, Plaintiff pleads general negligence, in the alternative, as permitted by Colo. R. Civ. P 8(e)(2).

52. Defendant Pep Boys had a duty to exercise due care in maintaining the real property, including the adjacent walkway, at 7625 N. Academy Blvd. in Colorado Springs, CO 80920.

53. Defendant Pep Boys's duty to exercise due care in maintaining the real property, including the adjacent walkway, included but was not limited to maintaining that the adjacent walkway did not pose a safety hazard to any customers using the walkway.

54. Defendant Pep Boys's duty to exercise due care in maintaining that the adjacent walkway did not pose a safety hazard to any customers using the walkway included but was not limited to safely and properly fixing or mitigating the uneven slabs on the walkway, or in the least warning customers, using the walkway, of the uneven slabs by installing safety cones and/or warning signs.

55. Defendant Pep Boys's duty extended to members of the public conducting business on the real property.

56. Defendant Pep Boys breached its aforementioned duties to Plaintiff by, *inter alia*:

7

      a. Failing to use safely and properly fix or mitigate the uneven slabs on the walkway, on which Plaintiff tripped and fell, in a reasonable time; and

      b. Failing to safely and properly install safety cones and/or warning signs to warn customers of the uneven slabs on the walkway.

57. As a direct and proximate result of Defendant Pep Boys's breaches of the aforementioned duties, Plaintiff has incurred injuries.

58. As a direct and proximate result of Defendant Pep Boys's negligence and carelessness on or about the time and date set forth above, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the accident.

59. As a direct and proximate result of Defendant Pep Boys's negligence and carelessness on or about the time and date set forth above, Plaintiff has suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

60. As a direct and proximate result of Defendant Pep Boys's negligence and carelessness on or about the time and date set forth above, Plaintiff has suffered temporary and permanent physical impairment.

## **AD DAMNUM CLAUSE**

WHEREFORE, Plaintiff prays for relief as follows:

(1)    For an amount which will reasonably compensate Plaintiff for economic losses;

(2)    For an amount which will reasonably compensate Plaintiff for medical expenses;

(3)    For an amount which will reasonably compensate Plaintiff for pain and suffering, inconvenience, emotional stress, and impairment of the quality of life;

(4)    For an amount which will reasonably compensate Plaintiff for limitations, permanent impairment, disabilities, and disfigurements;

(5)    For an amount which will reasonably compensate Plaintiff for a forced change of lifestyle and loss of enjoyment of life;

(6) For interests from the date of the incident, which forms the basis of this litigation as it provided by common law, statute, or on the alternative for monetary interest; and

(7) For costs and attorney's fees incurred in prosecuting this action and for such other and further relief as to the Court would see just.

Respectfully submitted this 3rd day of December 2021.

LAW PRACTICE OF LUKE PUSZYNSKI, LLC

_____
Lukasz (Luke) Puszynski

This pleading was filed electronically pursuant to Rule 121 § 1-26.
The original signed pleading is on file in counsel's office.

Plaintiff's Address:
10851 Holly Street
Denver, CO 80233

9